**G.A. BUDER, III, and Helen R. Buder, Appellants,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 75936.

Supreme Court of Missouri,
En Banc.

Jan. 25, 1994.

Michael H. Musich, Richard C. Petrofsky, Clayton, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Janet L. Sievert, Asst. Atty. Gen., Jefferson City, for respondent.

LIMBAUGH, Judge.

In this case we decide whether the compromise and settlement of federal income tax liability between taxpayer G.A. Buder, III and the Internal Revenue Service ("IRS") has a conclusive effect on Buder's Missouri income tax liability. Based on the IRS settlement, Missouri's Director of Revenue ("Director") found that Buder owed additional taxes and interest for tax years 1986 and 1987, and issued Notices of Deficiency. Buder appealed the Director's decision to the Administrative Hearing Commission ("AHC") which, after a hearing on the parties' cross-motions for summary determination, affirmed. This appeal followed. Because this case involves the construction of a state revenue law, § *621.050, RSMo 1986*, this Court has jurisdiction. *Mo. Const. art. V, § 3*. The standard of review under § *621.193, RSMo 1986*, requires this Court to uphold the decision of the AHC if it is "authorized by law and supported by competent and substantial evidence upon the whole record, ..." We reverse and remand.

The controversy that gave rise to the IRS settlement pertained to Buder's deductions for losses from a farming operation and deductions for certain charitable donations. The settlement to which Buder agreed required him to pay approximately 50% of the additional tax that would have been assessed had the IRS prevailed. To perfect the settlement, Buder executed the IRS Form 870–AD, "Offer of Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and of Acceptance of Overassessment." The IRS forwarded to the Director a copy of the Form 870–AD along with IRS "working papers" in which Buder's federal taxable income was recalculated and increased to accord with the additional taxes to be paid under the settlement. The Director computed Buder's federal adjusted gross income from the taxable income reported in the IRS "working papers." The Director then made a corresponding adjustment to Buder's Missouri adjusted gross income and Missouri taxable income that resulted in the charged deficiency of state tax payments. The AHC adopted the Director's position that Buder "conclusively established" his federal tax lia-

bility by signing the Form 870–AD, and that Buder "conclusively established" his Missouri taxable income because of the integration between the federal and Missouri state income tax laws.

Buder contends that he is not bound by the IRS settlement in calculating his Missouri income tax because the settlement only compromises his federal tax liability. Buder asserts that he never agreed to an adjustment in his federal adjusted gross income, or federal taxable income. He adamantly claims that the deductions were properly taken and that he never conceded otherwise. According to Buder's affidavit submitted in support of his motion for summary determination, he agreed to the settlement only to avoid the cost of litigation which, he anticipated, would have exceeded the amount to be paid under the settlement.

We question the Director's interpretation of, and reliance on, Form 870–AD and the IRS "working papers." The Director's position that Buder's execution of the Form 870–AD "conclusively established" his additional income tax liability proceeds on the assumption that the settlement agreement constituted an admission of liability on the claimed deficiency; i.e., by signing the Form 870–AD and agreeing to pay additional tax, Buder admitted to the federal taxable income which yields the tax. However, from our review of the Form 870–AD, that assumption is incorrect. The form does not refer to any upward adjustment of Buder's adjusted gross income or taxable income. What little information is provided indicates only that Buder agreed to pay a certain amount of additional income tax and that he waived his right to further challenge the IRS assessment and determination

of deficiency. By executing the settlement form, there was no need to determine the propriety of the contested deductions, and consequently no determination was made. Under the facts of this case, the settlement agreement does not constitute an admission or a determination of federal tax liability that precludes litigation of Buder's Missouri tax liability. It necessarily follows that the Director's reliance on IRS "working papers" that reflect an increase in federal taxable income, an increase that is based entirely on the settlement agreement, is likewise misplaced.

The Director asserts that litigating Buder's claimed deductions from federal income tax will undo the "coupling" or statutory integration between Missouri income tax law and its federal counterpart. The crux of that integration, set out in § *143.121, RSMo Supp.1992,* is that the taxpayer's federal adjusted gross income defines, with a few exceptions, the Missouri adjusted gross income.[1] According to the Director, the IRS determination of Buder's federal taxable income, which is based on the federal adjusted gross income, is not subject to challenge, even though the determination was unilateral.

Although no Missouri statute directly or expressly authorizes a taxpayer challenge, Buder calls our attention to § *143.601* which states in pertinent part:

> **Report of change in federal taxable income.**—If the amount of a taxpayer's federal taxable income reported on his federal income tax return for any taxable year is changed or corrected by the United States Internal Revenue Service or other

---

1. The statutory scheme is properly summarized in the AHC opinion as follows:

    Section 143.011 imposes a tax upon the Missouri taxable income of all Missouri residents. Section 143.111 defines Missouri taxable income as Missouri adjusted gross income less certain deductions. Section 143.121.1, RSMo Supp.1992, provides that Missouri adjusted gross income is "federal adjusted gross income" with certain modifications. Section 143.141, RSMo Supp.1992, defines Missouri itemized deductions as federal itemized deductions subject to certain modifications. One of those modifications is contained in § 143.171, RSMo Supp.1992, which allows an additional

    deduction for federal income taxes paid. Thus, a change in federal taxable income from that reported on the Missouri return affects a Missouri taxpayer in two opposing ways. It increases the base for the Missouri income tax while at the same time increasing the deduction for federal income tax paid. ...

    Under these provisions, Buder will pay more Missouri income tax if his claimed deductions are disallowed. The tax generated by the increase in the base for the Missouri income tax will exceed the tax savings realized by the increase in the deduction for additional federal income tax paid.

competent authority, ... the taxpayer shall report such change or correction in federal taxable income within ninety days after the final determination of such change [or] correction, ... or as otherwise required by the director of revenue. *Each such report shall state whether and wherein the determination is believed to be erroneous.* ...

(Emphasis added.) Buder argues that the legislature would not have provided that the taxpayer must specify "whether and wherein the [IRS] determination is believed to be erroneous" if it had no intention to allow taxpayers to challenge that determination. We agree. The emphasized language is, in our view, a tacit authorization for taxpayer challenges.

In sum, we hold that Buder's compromise and settlement with the IRS does not constitute a conclusive admission or determination of liability for Missouri income tax purposes and that the unilateral IRS adjustment to Buder's taxable income may be challenged in the determination of Missouri tax liability.

We reverse and remand to the AHC for a hearing on the merits of Buder's claimed deductions.

All concur.