**Bobby E. SELTZ, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. 78685.**

Supreme Court of Missouri,
En Banc.

Nov. 19, 1996.

Rehearing Denied Dec. 17, 1996.

Robert J. Bjerg, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, Erwin O. Switzer, Denise G. McElvein, Asst. Attys. Gen., St. Louis, Daniel Cook, Mo. Dept. of Revenue, Jefferson City, for Respondent.

WHITE, Judge.

In *Buder v. Director of Revenue,*[1] this Court held that when settling with the IRS, a taxpayer does not conclusively establish his federal income for Missouri purposes by agreeing not to contest the assessment of additional tax. The taxpayer in this case made such a settlement, but also agreed to a specific change in his federal taxable income. Thus, we must determine whether a taxpayer's acquiescence in a particular federal tax treatment is binding for Missouri income tax purposes. We hold that it is and, therefore, affirm.

The dispute in this case arises from events related to Mr. Seltz's 1988 sale of stock in Rexene, a corporation operating in Texas. As a director of Rexene, he was sued by former employees for breach of fiduciary duty and fraud. To settle the suit, in 1989, he relinquished $4.8 million of his proceeds from the stock sale. On his original 1989 federal return, he characterized the payment

---

1. 869 S.W.2d 752 (Mo. banc 1994).

as an ordinary and necessary business expense, entitling him to an immediate deduction of the full amount. This large deduction led to a negative federal adjusted gross income for 1989. Because the Missouri income tax is based on federal AGI,[2] Mr. Seltz's initial State return for 1989 showed a correspondingly negative Missouri taxable income.

On audit, the IRS contended that the settlement ought to be treated as a capital loss, since it was related to the sale of Mr. Seltz's Rexene stock. Rather than litigate the issue, he settled with the IRS, which agreed to characterize the transaction as a repayment of an amount received under a claim of right.[3] This treatment allowed Mr. Seltz to take a credit in 1989, offsetting the federal tax he had paid when he received the money and increasing his overall federal tax liability by only $2,514. To effect this settlement, Mr. Seltz signed Form 870, in which he agreed not to dispute the additional tax assessed for 1989. Additionally, he executed Form 4549. That form indicated the payment would no longer be treated as an ordinary business expense and showed an increase in 1989 taxable income of $4,833,429.

### The IRS Settlement

■ Mr. Seltz contends that he has never abandoned his position that the payment was a fully-deductible expense for federal purposes, and that, in seeking a Missouri deduction, he is not bound by his settlement with the IRS. He relies on this Court's decision in *Buder*. In that case, the taxpayers had avoided litigation with the IRS by signing a Form 870–AD, on which they agreed not to contest the assessment of about half the tax that the IRS had originally sought.[4] The Court held that the signing of that form did not conclusively establish the taxpayers' federal adjusted gross income for the purpose of determining Missouri taxable income.[5] Because he entered into a similar agreement,

Mr. Seltz argues, he should not be held to it in determining his Missouri taxable income.

But Mr. Seltz also signed the much more detailed Form 4549. The differences between Mr. Seltz's Form 870 and his Form 4549 are revealing. Where the Form 870 baldly refers to an "increase in tax and penalties," the 4549 lists, in detail, the items supporting the changed amount of tax. It includes itemized "Adjustments to Income," as well as total "Corrected Taxable Income." The lack of such specific determinations on the 870 was the decisive factor in *Buder*: "The form does not refer to any upward adjustment of Buder's adjusted gross income or taxable income. . . . By executing the settlement form, there was no need to determine the propriety of the contested deductions, and consequently no determination was made."[6] By specifically agreeing to accept § 1341 treatment for this transaction, Mr. Seltz has bound himself to that characterization for State purposes.

### The § 1341 Credit

■ If the federal "claim of right" treatment is binding for State purposes, Mr. Seltz argues, then that parallel treatment should extend to providing a Missouri deduction analogous to the federal credit. Section 1341 provides that repayment of an amount accepted under a claim of right generates either a deduction in the year of repayment,[7] or a credit equal to the tax originally paid in the year of receipt.[8] Whether a deduction or credit is used depends upon which produces the lowest total federal tax.

If Mr. Seltz had received a federal deduction for the repayment, it would also be deductible from Missouri income.[9] But Missouri does not explicitly authorize a deduction for amounts taken as credits, rather than deductions, under § 1341. Mr. Seltz argues that this is an artificial distinction, which produces an unfair result. He feels

---

2. Section 143.121, RSMo 1994.

3. I.R.C. § 1341.

4. *Buder*, 869 S.W.2d at 752–53.

5. *Id.* at 754.

6. *Id.* at 753.

7. I.R.C. § 1341(a)(4).

8. I.R.C. § 1341(a)(5).

9. Section 143.141, RSMo 1994.

that he should be able to deduct the amount he could have deducted if he had not received a federal credit instead. At the very least, Mr. Seltz continues, equity requires that he be allowed to treat the repayment as a capital loss and carry it forward to his 1992 return, on which he reported a further $740,-000 in income from the Rexene stock sale.

■ But these arguments are flawed. " 'An allowance for deductions from gross income does not turn on general equitable considerations. Deductions depend upon legislative grace and are allowable only to the extent authorized by statute.' " [10] Section 143.141 is clear. Certain "federal deductions" are also Missouri deductions. The section does not refer to credits. Neither it, nor any other statute, authorizes the deductions Mr. Seltz seeks.

In any case, the unfairness Mr. Seltz complains of is hard to discern. Section 1341 is designed to allow a taxpayer to recover taxes paid on income that is subsequently returned. But here, a deduction would be a reimbursement for state tax that was never paid. Mr. Seltz was a Texas resident in the year he reported receipt of the payment, and Texas has no income tax.

### Conclusion

By settling with the IRS on Form 4549, Mr. Seltz agreed to the characterization of the items listed there, and the increase in adjusted gross income that resulted. He may not now pursue an inconsistent argument in his litigation with the Director. The deductions he claims in the alternative are not authorized by Missouri law.

The decision of the Administrative Hearing Commission is affirmed.

All concur.

---

**10.** *Matteson v. Director of Revenue,* 909 S.W.2d 356, 359 (Mo. banc 1995) (quoting *Brown Group,* *Inc. v. Administrative Hearing Comm'n,* 649 S.W.2d 874, 877 (Mo. banc 1983)).